# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50059
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

ACXEL JEOBANNI AMBROCIO-CASTANEDA,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-866-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Acxel Ambrocio-Castaneda appeals the sentence imposed for his guilty-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea conviction of illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the 46-month within-guidelines sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a). According to Ambrocio-Castaneda, the guideline range was too high to fulfill § 3553(a)'s goals because U.S. Sentencing Guidelines § 2L1.2 is not empirically based and effectively double-counts a criminal record. He also urges that the range overstated the seriousness of his non-violent reentry offense and failed to account for his personal history and characteristics, specifically, his cultural assimilation, his difficult childhood, his age at the time of his sole conviction, his new understanding of the consequences he faces for illegal reentry, and his motive for returning to the United States.

We consider "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the . . . § 3553(a) factors, we will give great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008) (internal quotation marks and citation omitted). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

Ambrocio-Castaneda contends that the presumption of reasonableness should not apply to sentences calculated under § 2L1.2 because the guideline is not empirically based. He acknowledges that his theory is foreclosed by circuit precedent but seeks to preserve it for further review. As he concedes,

No. 14-50059

we have consistently rejected his "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 & n.7 (5th Cir. 2009). We have also rejected arguments that double-counting necessarily renders a sentence unreasonable, *see Duarte*, 569 F.3d at 529–31, and that the guidelines overstate the seriousness of illegal reentry because it is only a non-violent international-trespass offense, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered the § 3553(a) factors and Ambrocio-Castaneda's request for a downward variance and concluded that a sentence at the bottom of the guideline range was sufficient, but not greater than necessary, to satisfy the goals in § 3553(a). Ambrocio-Castaneda's assertions that § 2L1.2's lack of an empirical basis, the double-counting, the non-violent nature of his offense, his new understanding of the consequences he faces for illegal reentry, his cultural assimilation, his difficult childhood, his age at the time of his prior conviction, and his motive for reentering justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Therefore, Ambrocio-Castaneda has failed to show that the within-guidelines sentence is substantively unreasonable. *See Campos-Maldonado*, 531 F.3d at 339.

The judgment of sentence is AFFIRMED.